UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARIKA METALS, INC., ) | |
| ) | CASE NO.1:12 CV 764 |
| Plaintiff(s), ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ERIN KOBUNSKI, ) | |
| ) | |
| Defendants. ) | |

This case is before the Court on Defendant's Motion for Leave to File Amended Answer and Counterclaim." (ECF # 16).   Plaintiffs oppose the motion, arguing mainly that the cut off date for amending pleadings, which the parties agreed to, has already passed, and that the added claim for abuse of process could does not state a claim upon which relief may be granted. (ECF #19).

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be freely allowed "when justice so requires."  In determining whether to permit an amendment, a court should consider whether there has been undue delay, lack of notice, bad faith, or repeated failure to cure deficiencies, and whether the amendment would be cause undue prejudice to the party or would be futile.  *See, e.g., Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).  The Sixth

Circuit has held that an amended pleading is futile, and should not be permitted, if the amended claim could not withstand a Fed. R.Civ.P. 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

The proposed Amendment to the Counterclaim seeks to add claims for discrimination and retaliation based on the same facts and events that underlie the current counterclaim. Defendant claims that these claims could not have brought at the time of the filing of the original answer/counterclaim because those issues had not yet been presented to Equal Employment Opportunity Commission ("EEOC") and therefore her administrative remedies on those claims had not been exhausted. A charge was filed with the EEOC shortly after this lawsuit was filed by Plaintiff. Plaintiff was timely notified of the charges and was able to respond to the charges during the administrative proceedings. On September 4, 2012, Defendant received a Notice of Right to Sue. The Amendment relating to the discrimination and retaliations charges is justified and the original failure to include such charges was not the result of undue delay, bad faith, or any other cause for delay within the control of the Defendant. Further, Plaintiff had notice of the claims through the EEOC proceedings and will not be prejudiced by the amendment.

However, the Court finds that based on the asserted facts and allegations, allowing an amendment to the Counterclaim to include a claim for abuse of process would be futile. A claim for abuse of process must set forth facts to support three separate elements: (1)Plaintiff commenced a legal action in proper form and with probable cause; (2) Plaintiff perverted the proceedings to accomplish an ulterior motive for which it was not designed; and, (3) direct damage has resulted from the wrongful use of process. *See Yaklevich v. Kemp, Schaeffer, and Rowe Co., L.P.A.,* 68 Ohio St.3d 294, 626 N.E.2d 115 (Ohio 1994); *Dawes v. BAC Home Loans*

*Serv., LP*, Case 1:10-cv-0237, 2011 U.S. Dist. LEXIS 66507 (N.D. Ohio April 27, 2011). An abuse of process case differs from a malicious prosecution case in that an element of the claim is the existence of a law suit that is properly initiated and backed by probable cause. In this case the factual allegations asserted by Defendant make it clear that she believes that the case was brought without probable cause or proper legal basis, not that a proper and legal action was perverted for an improper purpose. The allegations in the Counterclaim, therefore, are inconsistent with a claim for abuse of process, and allowing this claim to be included in the Amended Answer/Counterclaim would appear to be futile.

For these reasons, the Court hereby grants Defendants' motion to amend the Answer/Counterclaim and accepts that Amended Answer/Counterclaim attached *Instanter*. However, Count Seven of the Amended Counterclaim, the claim for abuse of process, is dismissed without prejudice. IT IS SO ORDERED.

      /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   October 18, 2012